UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

LIVE ULTIMATE, LLC, a Florida )
limited liability company, )
                               )
          Plaintiff, )
                               )
    vs. )   CASE NO.
                               )
MOXIE, TM, INC. )
a Florida Corporation, )
                               )
          Defendant. )
_____ )

**COMPLAINT FOR DECLARATORY JUDGMENT**

COMES NOW the Plaintiff, LIVE ULTIMATE, LLC ("Plaintiff"), and complains against Defendant, MOXIE TM, INC.("Defendant"), and alleges as follows:

1. This is an action for a declaratory judgment. The relief sought in declaratory form is a judgment decreeing that Plaintiff may to continue to use its logo design and mark depicted below ("the LIVE ULTIMATE Logo Design and Mark"), free of any claim by the Defendant of ownership or infringement under trademark or copyright law.



## THE PARTIES

2.   Plaintiff is a limited liability company duly organized and existing under the laws of Florida, and having an address at 1691 Michigan Avenue, Suite 310, Miami Beach, FL  33139.

3.   Defendant is a corporation duly organized and existing under the laws of Florida, and having an address within the Southern District of Florida at 33 N.E. 1st Avenue, 3rd Floor, Miami, FL  33132.

## JURISDICTION AND VENUE

4.   This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), and §§2201-2202, as it involves a federal question, because it arises under an Act of Congress relating to trademark and copyright law, and given the request for declaratory relief.

5.   This Court has personal jurisdiction over the Defendant pursuant to Fla. Stat. § 48.193 since, at all material times, it:

   a.   has operated, conducted, engaged in, or carried on a business or business venture in this state, and the Southern District of Florida;

   b.   has engaged in substantial and not isolated activity within this state, and the Southern District of Florida;

c. is deemed to reside within this state, and in the Southern District of Florida; and/or

d. has maintained a registered agent and registered office within this state, and in the Southern District of Florida.

6. Venue is appropriate pursuant to 28 U.S.C. §1391(b) and (c), because Defendant is subject to personal jurisdiction in the Southern District of Florida, and because a substantial part of the events giving rise to the claim occurred in the Southern District of Florida.

**GENERAL ALLEGATIONS**

7. The Defendant describes itself as a brand development and design company.

8. In or about September of 2010, the Plaintiff's predecessor entity, Nature's Perfect Ten, LLC ("NPT"), requested of the Defendant that it develop a logo for use in connection with a putative brand which had been selected by NPT, namely, "ULTIMATE MACA".

9. In or about October 2010, the Defendant proposed some design concepts to NPT for the putative logo, which included designs of the letter "U" in origami-style lettering (hereinafter "Defendant's Design" or "the 'U' Design").

3

10. NPT paid the Defendant for its services in connection with this first phase of the project, and also made a payment towards a possible second phase of the logo development project.

11. A dispute arose between NPT and Defendant, due to disagreement over the scope of the project, and with regard to the services to be included in the project.

12. As a result of the dispute, and due to unreasonable positions taken by the Defendant, NPT later decided not to proceed further with regard to the iteration of the design concept proposed by the Defendant.

13. At this point, NPT had paid Defendant monies towards a second phase of the project, for work which was never done by the Defendant.

14. In view of the dispute and its dissatisfaction as to its dealings with the Defendant, NPT proceeded to have the preliminary design concept revised and brought to completion by others.

15. In particular, the Plaintiff developed the LIVE ULTIMATE Logo Design and Mark, an entirely different brand which substituted the terms "LIVE ULTIMATE" and a variation of the unoriginal (for purposes of copyright law) "U" design.

16.  Not to be deterred, the Defendant later sued Plaintiff in state court for monies it claimed were owed under the project ($4,500), although the Plaintiff had paid funds toward a second phase of the project which was never done or completed by Defendant.

17.  In that state court action, the Defendant is alleging that the "brand designs were [its] intellectual property," and is seeking injunctive relief barring Plaintiff from using said alleged "intellectual property". See attached Exhibit A, Amended Complaint, at ¶ 59, and Prayer for Relief.

18.  The filing of the instant action is necessary to resolve the issues raised herein, since the state court in the above action does not have jurisdiction over any claim for relief arising under any Act of Congress relating to, inter alia, copyrights.  See 28 U.S.C. § 1338(a).

19.  The only intellectual property rights which Defendant can arguably assert in and to the "U" Design at issue arise under copyright law, since it is undisputed that the Defendant has never used the "U" design in commerce as a mark.

20.  Despite the foregoing, the Defendant has also challenged the Plaintiff's effort to register the Plaintiff's LIVE ULTIMATE Logo Design and Mark, by filing a

Notice of Opposition with the Trademark Trial and Appeal Board ("TTAB") at the U.S. Patent and Trademark Office, against the Plaintiff's application which sought to register the LIVE ULTIMATE Logo Design and Mark.

21. Since the jurisdiction of the TTAB is limited to the registrability and not the use of a mark, this declaratory action is necessary for this reason as well, to resolve uncertainty regarding the Plaintiff's ability to continue to use the LIVE ULTIMATE Logo Design and Mark (and to the extent it incorporates the "U" Design) in commerce.

22. As it concerns copyright law, neither the Defendant's Design nor any of the "U" designs proposed by the Defendant amount to an original work of authorship eligible for copyright protection.

23. Indeed, as shown in Exhibit B, there are numerous sites on the internet that offer similar origami-style lettering designs for any letter in the English alphabet, as demonstrated by the following images found on the web site Shutterstock.com:



(found at http://www.shutterstock.com/pic-115583308/stock-vector-spectral-letters-folded-of-paper-ribbon-color-creative-design-elements.html).

24.  Furthermore, an online tutorial from September 2010 demonstrates a method for creating the same origami-style concept using the Adobe Illustrator program.  See http://web.archive.org/web/20100929154658/http://www.thelogomix.com/blog/folded-paper-logo-design-using-illustrator-10092739.html

25.  Despite the foregoing, the Defendant has claimed it owns all rights to the logo depicted in the Defendant's Design and the "U" shape incorporated therein, such that Plaintiff is not entitled to use its own independently-developed design in combination with any mark.

26. Defendant's assertions and accusations that Plaintiff is violating its legal rights injures Plaintiff and adversely affects, and unless prevented by this Court, will continue to so affect Plaintiff's business, and the immense investment it has made in its mark and attendant good will.

27.  To resolve the legal and factual questions raised by Defendant and to afford relief from the uncertainty and controversy which Defendant's assertion has precipitated, Plaintiff is entitled to a declaratory judgment of its rights under 28 U.S.C. §§2201-02.

28.  Said assertions and accusations by the Defendant have given rise to a case of actual controversy within the jurisdiction of this Court, pursuant to 28 U.S.C. §§2201-02.

29.  Plaintiff categorically denies that its use of its independently-developed brand violates any federal or state rights which Defendant might have, and specifically denies that Defendant has any ownership or exclusive rights

under copyright or trademark law, in and to the Defendant's Design and/or the "U" design incorporated therein.

### COUNT I - DECLARATION OF NON-OWNERSHIP OF ELIGIBLE COPYRIGHT SUBJECT MATTER BY DEFENDANT

30. Plaintiff incorporates and re-asserts its allegations in paragraphs 1 - 29 as if fully set forth herein.

31. Neither the Defendant's Design nor the "U" design incorporated therein amounts to an original work of authorship, as contemplated by 17 U.S.C. § 102, or elsewhere in the U.S. copyright laws.

32. The Defendant's Design and the "U" design incorporated therein do not amount subject matter eligible for copyright protection.

WHEREFORE, Plaintiff prays that this Court grant the Prayer for Relief below.

### COUNT II - DECLARATION OF DEFENDANT'S NON-OWNERSHIP OF TRADEMARK RIGHTS IN AND TO THE "U" DESIGN

33. Plaintiff incorporates and re-asserts its allegations in paragraphs 1 - 29 as if fully set forth herein.

34. The Defendant has not used the Defendant's Design in commerce, as that term is contemplated by the federal Lanham Act.

35.  The Defendant has not used the Defendant's Design as a mark in connection with goods or services offered or sold in U.S. commerce.

36.  The Defendant has no ownership rights, or rights of exclusivity under trademark law, in and to the Defendant's Design.

WHEREFORE, Plaintiff prays that this Court grant the Prayer for Relief below.

## COUNT III - DECLARATION OF NON-INFRINGEMENT

37.  Plaintiff incorporates and re-asserts its allegations in paragraphs 1 - 29 as if fully set forth herein.

38.  The use by Plaintiff of the LIVE ULTIMATE Logo Design does not infringe the Defendant's Design or any rights of Defendant in relation thereto, whether under copyright or trademark law; nor is it in violation of any rights defendant might have pursuant to 15 U.S.C. § 1051 et.seq., 17 U.S.C. § 501 et.seq., or elsewhere in the U.S. trademark and copyright laws.

39.  The use by Plaintiff of the LIVE ULTIMATE LOGO DESIGN is fair use, given the amount and substantiality of the portion used in relation to the Defendant's Design.

40.  The Plaintiff's LIVE ULTIMATE LOGO DESIGN and Mark is not confusingly similar to any mark used by the

Defendant, and will not create a likelihood of confusion as to the source of origin of the services offered under the marks of the respective parties.

WHEREFORE, Plaintiff prays that this Court grant the Prayer for Relief below.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant, and the Court's entry of an order:

a.   declaring that Defendant has no title, right to exclusive use, or other claim of ownership under trademark or copyright law, in the alleged Defendant Design or the "U" Design incorporated therein;

b.   declaring that the Defendant Design and the "U" Design incorporated therein are not original works of authorship as contemplated by 17 U.S.C. § 102, and are thus not eligible subject matter for copyright protection;

c.   declaring that Plaintiff does not infringe the Defendant's Design or any rights of Defendant in relation thereto, under trademark or copyright law;

d.   declaring that the use by Plaintiff of the LIVE ULTIMATE LOGO DESIGN is fair use, given the amount and substantiality of the portion used in relation to the Defendant's Design.

e.   declaring that the Plaintiff may continue to use the LIVE ULTIMATE LOGO Design and Mark in commerce, free from any claim of ownership or infringement by Defendant;

f.   enjoining Defendant from disparaging, threatening to take action, or taking any other action against Plaintiff and its use of the LIVE ULTIMATE LOGO DESIGN and Mark;

g.   awarding Plaintiff its costs, as authorized by Fed. R. Civ. P. 54;

h.   granting Plaintiff such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated:  December 17, 2012      s/ Oliver A. Ruiz
John Cyril Malloy, III
Florida Bar No. 964,220
jcmalloy@malloylaw.com
Peter A. Matos
Florida Bar No. 992,879
pmatos@malloylaw.com
Oliver A. Ruiz
Florida Bar No. 524,786
oruiz@malloylaw.com
MALLOY & MALLOY, P.L.
2800 S.W. Third Avenue
Miami, Florida  33129
Telephone: (305) 858-8000
Facsimile:  (305) 858-0008

*Attorneys for Plaintiff*